IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BERTISTE GARRETT,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     Case No. 3:16-cv-03148
                                 )     Judge Trauger/ Frensley
MEGAN J. BRENNAN,                )
POSTMASTER GENERAL               )
UNITED STATES POSTAL SERVICE,    )
                                 )
    Defendant.                   )

# REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment." Docket No. 36. Defendant has also filed a Supporting Memorandum (Docket No. 37) and a "Statement of Material Facts in Support of Motion for Summary Judgment" (Docket No. 38). The pro se Plaintiff has not responded to the Motion.

Plaintiff filed this case on December 6, 2016, alleging that she was discriminated against while working as a temporary employee of the United States Postal Service on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Docket No. 1, p. 1-2. Plaintiff contends that Defendant impermissibly "terminated Plaintiff's employment," "retaliated against Plaintiff for having filed a charge of discrimination," and "filed [*sic*] to reinstate/contract after [Plaintiff] was to be promoted within 8 months due to contract provision for PSEs." *Id.* at 3.

# LAW AND ANALYSIS

## A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the instant Motion on April 5, 2017. Docket No. 36. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 65.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. . . .
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Material Facts or file her own Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Although Plaintiff is proceeding pro se (pro se pleadings should be held to less stringent

standards, *see, e.g., Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011)), pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Accordingly, there are no genuine issues as to any material fact, and all that remains to be determined is whether Plaintiff is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Court of Appeals for the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden . . . . The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106. S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In order to prevail on a motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

3

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings; rather, his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.*; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. Undisputed Material Facts

As discussed above, Plaintiff's failure to respond to Defendant's Statement of Material Facts (Docket No. 38) indicates that those facts are undisputed for the purposes of summary judgment. Thus, the following facts are deemed undisputed:

> Bertiste Garrett (female, 1958) was hired as a Postal Support Employee (PSE) on August 10, 2012. Plaintiff's temporary term of employment would expire on August 4, 2013.
>
> Pursuant to the PSEs [*sic*] are temporary employees hired for terms of employment not to exceed 360 days. PSEs must take a mandatory 5-day break in service prior to being reappointed.

4

On June 7, 2013, Plaintiff was issued a letter of warning for poor performance/failure to follow instructions after misrouting mail.

On June 21, 2013, Plaintiff was issued a 7-day suspension for unsatisfactory attendance/tardiness after being late 14 times between May 6, 2013 and June 7, 2013.

On July 4, 2013, Plaintiff appeared for work 5 hours late. Management considered recording her time as AWOL. However, Plaintiff's time was recorded as other leave.

Plaintiff's temporary term of employment expired on August 4, 2013.

Plaintiff was not recommended for reappointment due to tardiness and sweeping errors.

On August 4, 2013, the Agency sent Plaintiff a letter of separation indicating that Plaintiff would not be reappointed to another temporary term of employment.

The Letter of Separation was signed by Supervisor P.W. (unknown, female, 11/16/1961, unknown). Supervisor P.W. was unaware of Plaintiff's age.

Younger PSEs of both sexes were not reappointed including T.B. (male, 1975, separated 7/23/2013). V.C. (female, 1976, separated 7/15/13). A.H. (female, 1992, separated July 14, 2013) and T.L. (female, 1969, separated July 23, 2013) terms expired before Plaintiff's term expired while M.F.'s (male, 1987, separated August 6, 2013) term expired after Plaintiff's term expired. None was reappointed.

Plaintiff's EEO complaint alleged discrimination based on sex (female) and age (1958).

The within civil action alleges discrimination based on race (not specified), retaliation (not specified) and sex.

On September 1, 2016, Plaintiff was advised of her right to file a civil action within 90 days of receipt of a decision from the Office of Federal Operations. Pursuant to the certificate of service, Plaintiff is deemed to have received the decision within five days, or by September 6, 2016.

The 90-day filing period expired on December 5, 2016.

Plaintiff filed suit on December 6, 2016.

Docket No. 38, p. 1-5 (paragraph numbering, internal citations, and response prompts omitted).

## D. Timeliness of Plaintiff's Complaint

Defendant appears to argue that Plaintiff's Complaint in untimely, because the filing period expired on December 5, 2016, and Plaintiff filed her Complaint on December 6, 2016.[1] Docket No. 37, p. 5-6. Judge Nixon previously noted that Plaintiff had filed her Complaint out of time, and ordered her to show cause why her suit should not be dismissed as untimely. Docket No. 3. Plaintiff responded by filing a document that, *inter alia*, describes her attempt to file her Complaint on December 5, 2016, which failed because she was not allowed in the door of the courthouse (presumably because it was after hours), did not know about and could not locate the filing drop box, and was not assisted by courthouse security personnel. Docket No. 8, p. 1. Plaintiff's response also relates areas of stress and difficulty in her life, including the difficulty of proceeding pro se in this litigation. *Id.* at 2. Subsequently, Judge Nixon did not dismiss the suit.

It is undisputed that Plaintiff filed her Complaint ninety-one days after she received a right-to-sue letter from the Equal Employment Opportunity Commission. In her Complaint, Plaintiff avers that she received the letter on September 5, 2016. Docket No. 1, p. 2. The ninety-

---

[1] Defendant appears to have committed a series of typographical errors with regard to the dates at issue. Defendant refers to the Final Agency Decision (the "right to sue letter") as having been mailed to Plaintiff on September 1, 2013, and states that "the certificate of service advised that the decision would be presumed received within five days, or by September 5, 2016. The Plaintiff filed the within action on September 6, 2016." Docket No. 37, p. 5-6. In fact, the right to sue letter was mailed on September 1, 2016. Docket No. 37-1, p. 6. Plaintiff filed her Complaint on December 6, 2016. Docket No. 1.

6

day period set out by 42 U.S.C. § 2000e-16(c) extended to December 4, 2016. That day, however, was a Sunday. Therefore, Plaintiff had until the following day, December 5, 2016, to file her Complaint. The Complaint was filed on December 6, 2016. Docket No. 1. This is not a case, however, where Plaintiff has merely been negligent in pursuing her rights, or in which she relies solely on her status as a pro se plaintiff to excuse her one-day delay in filing. Plaintiff has explained that she attempted to file her Complaint on the final day of the ninety-day period. Docket No. 8, p. 1. She was unable to do so because she could not locate the after-hours filing drop box, and courthouse personnel did not assist her to find it. *Id.* Had she been an attorney, she would have been able to file her Complaint electronically at any time on the day in question. After receiving her response (Docket No. 8), Judge Nixon did not dismiss her suit. For all of these reasons, the statutory filing period should, in this case, be equitably tolled by one day to allow Plaintiff's suit to proceed. *See Zipes v. TWA*, 455 U.S. 385, 102 S. Ct. 1127 (1982).

**E. Plaintiff's Claims of Discrimination Based on Race and Retaliation**

Plaintiff contends that Defendant discriminated against her on the basis of race, and retaliated against her for having a filed a charge of discrimination. Docket No. 1, p. 2-3. Defendant argues that these claims should be dismissed, because Plaintiff did not raise these allegations in the prior administrative action and thus has not exhausted her administrative remedies. Docket No. 37, p. 7.

A federal employee who seeks to enforce her rights under Title VII must exhaust her administrative remedies before filing an action in federal court. *Brown v. General Serv. Admin.*, 425 U.S. 820, 832-34 (1976). "In the Sixth Circuit, a plaintiff bringing claims under Title VII is limited to those claims the plaintiff first filed with the EEOC or investigative agency and claims that stem from the claims filed with the EEOC or investigative agency." *Mosby v. State Farm*

7

*Mut. Auto. Ins. Co.*, No. 3:04-0275, 2005 U.S. Dist. LEXIS 43604 at *23, *citing Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002).

On Plaintiff's form "EEO Complaint of Discrimination in the Postal Service," in response to the prompt "Type of Discrimination You Are Alleging," Plaintiff checked boxes marked "Sex" and "Age (40+)." Docket No. 37-1, p. 61. Plaintiff did not check boxes marked "Race" or "Retaliation." *Id.* Further, the narrative Plaintiff provided does not include any mention of race or retaliation. *Id.* Although Plaintiff alleges instances of retaliation in her Complaint (Docket No. 1, p. 14-15, 19), these allegations of retaliation all involve actions taken before Plaintiff filed her EEOC Complaint, yet Plaintiff did not raise them in that administrative action. *See* Docket No. 61. Thus, Plaintiff did not raise issues of discrimination on the basis of race or retaliation in her EEOC complaint; she did not administratively exhaust her remedies as to these issues, and these claims should be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

## F. Plaintiff's Claim of Discrimination Based on Sex[2]

Title VII prohibits employment discrimination against any individual because of such individual's sex. 42 U.S.C. §2000e-2(a)(1). A plaintiff may prove such discrimination by providing direct evidence, or by submitting evidence from which a reasonable jury could conclude both that she has established a prima facie case of discrimination and that Defendant's legitimate, nondiscriminatory reason for its action is a pretext for unlawful discrimination.

---

[2] Although Defendant presents arguments and identifies comparators related to a supposed claim of age discrimination by Plaintiff, no such claim can be found within Plaintiff's Complaint. *See* Docket No. 1. The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

8

*Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). To establish a prima facie case, Plaintiff must demonstrate that: 1) she is a member of a protected class; 2) she was subject to an adverse employment action; 3) she was qualified for the position; and 4) she was replaced by a person outside the protected class or similarly situated employees outside the protected class were treated more favorably. *Id.*

If a plaintiff can establish a prima facie case, the burden then shifts to the defendant to demonstrate that its actions were taken for a legitimate, nondiscriminatory reason. If it does so, the burden shifts back to the plaintiff to prove that the defendant's stated reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this process of shifting burdens, the plaintiff continues to bear the ultimate burden of proving, by a preponderance of the evidence, the Defendant's intent to discriminate. *Id.*

Defendant contends that Plaintiff has not presented prima facie evidence of discrimination based on sex or age. Docket No. 37, p. 8-9. Defendant further argues that of the six PSEs (including Plaintiff) who were notified between August 4, 2013 and July 14, 2013, that they would not be reappointed, five were younger than Plaintiff and two were male. *Id.* at 8. Defendant further maintains that the notification that Plaintiff would not be reappointed was given by a female supervisor who was also within Plaintiff's protected class as to age. *Id.*

Much of Plaintiff's Complaint consists of what appear to be sections of various manuals and memoranda related to postal service employment, interspersed with Plaintiff's commentary and arguments, including sentence fragments that are difficult to decipher. *See* Docket No. 1. Plaintiff essentially argues that none of the reasons given for Defendant's failure to reappoint her after her term expired are valid. *Id.* at 12-16. Plaintiff asserts that her supervisors engaged in

9

favoritism, colluding together to pursue disciplinary action against Plaintiff and ignoring similar infractions (such as tardiness) of other employees. *Id.* at 15-19.

It is undisputed that Plaintiff is a member of a protected class (female) and experienced an adverse employment action (not being reappointed to another temporary term of employment or promoted to regular employment). Plaintiff alleges some facts that could be read as supporting the element that she is qualified for the position she held. *See* Docket No. 1, p. 12 (alleging mail was mis-sorted by other employees, not Plaintiff). Plaintiff fails, however, to allege any facts that would support the fourth element, that similarly situated non-protected employees were treated more favorably than she. Although Plaintiff alleges that her supervisors engaged in favoritism, she does not allege that sex was the basis of this favoritism. *Id.* The Complaint only mentions one other employee as having allegedly received more favorable treatment than Plaintiff, and Plaintiff identifies that employee as female. *Id.* at 19, 23. Consequently, Plaintiff has not established the fourth element of her prima facie case of sex discrimination. For these reasons, Defendant's Motion for Summary Judgment on the sex discrimination claim should be GRANTED, and that claim should be DISMISSED.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment (Docket No. 36) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge