**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BERTISTE GARRETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-03148** |
| | ) | **Judge Aleta A. Trauger** |
| **MEGAN J. BRENNAN, Postmaster** | ) | |
| **General, United States Postal Service,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Plaintiff Bertiste Garrett filed a Complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), asserting claims of retaliation and discrimination on the basis of race and sex against the Postmaster General of the United States Postal Service as her employer. (Compl., Doc. No. 1.) Now before the court is the plaintiff's Objection (Doc. No. 45) to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 44), recommending that the defendant Postal Service's Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment (Doc. No. 36) ("Motion for Summary Judgment") be granted and that this action be dismissed. The defendant has filed a Response to the Objections. (Doc. No. 46.) For the reasons set forth herein, the court will overrule the objections, grant the Motion for Summary Judgment, and dismiss this case.

## I.      Procedural Background

The plaintiff filed suit on December 6, 2016. The defendant filed the Motion for Summary Judgment on April 5, 2017 (Doc. No. 36), along with a supporting Memorandum (Doc. No. 37), Statement of Material Facts (Doc. No. 38), and a complete copy of the underlying

Administrative Record (Doc. No. 37-1). In its motion, the Postal Service argues that it is entitled to judgment as a matter of law on the grounds that (1) the Complaint is untimely, having been filed more than 90 days after the plaintiff received notice of her right to sue from the EEOC; (2) the plaintiff failed to exhaust her administrative remedies as to her claims based on race discrimination and retaliation; and (3) the plaintiff failed to present *prima facie* evidence of discrimination based on age or sex.

The plaintiff did not respond to the motion.

The magistrate judge issued the R&R over five months later, on September 14, 2017. There, the magistrate judge rejects the defendant's argument that the Complaint should be dismissed as untimely, noting that the plaintiff had previously responded to Judge Nixon's Order that she show cause why her claims should not be dismissed as barred by the statute of limitations. Based on the plaintiff's explanation of her efforts to file the Complaint on time, the magistrate judge recommends tolling the statute of limitations by one day and denying the defendant's motion to dismiss on statute of limitations grounds.

Regarding the arguments addressed to the merits of the plaintiff's Complaint, the R&R takes into account the plaintiff's failure to respond to the defendant's motion or factual statement. The magistrate judge does not recommend judgment in favor of the defendant on that basis, however. Instead, he concludes that the facts as set forth by the defendant should be deemed undisputed for purposes of summary judgment. Based on those undisputed facts, the R&R finds, first, that the plaintiff failed to administratively exhaust her claims of race discrimination and retaliation and recommends dismissal of those claims on that basis. Second, the R&R notes that the Complaint does not actually state a claim, or allege any facts in support of a claim, for discrimination based on age, and therefore declines to address the merits of any

such claim. Finally, the R&R recommends dismissal of the plaintiff's sex discrimination claims on the basis that the plaintiff fails to allege specific facts or present any evidence showing that similarly situated non-protected employees were treated more favorably than she. The R&R recommends that the defendant's motion be granted. The R&R also provides notice that any party opposing the recommendation had fourteen days within which to file written objections and that failure to file specific written objections within that time frame could constitute waiver of any further appeal of the R&R.

The plaintiff filed a timely "Objection to the Court[']s Report and Recommendation" (Doc. No. 45). This Objection, however, despite its title, does not actually respond to or address the findings of fact or conclusions of law set forth in the R&R. Instead, it appears to be an untimely response to the defendant's Statement of Material Facts in Support of Summary Judgment (Doc. No. 38). In her filing, the plaintiff reproduces verbatim each of the fifteen enumerated statements set forth in the defendant's Statement of Material Facts and purports to respond to them. She concedes that four of the statements are "correct." She refutes the others, but she does not include factual support for her denials of the statements, other than by cross-referencing various exhibits attached to her Complaint, including a Memorandum of Understanding Between the American Postal Workers Union and the United States Postal Service (*see* Doc. No. 1, at 30) ("MOU"), concerning "Postal Support Employee (PSE) Discipline," and a news article summarizing the MOU (Doc. No. 1, at 31–32). The filing does not include any argument in opposition to the defendant's Motion for Summary Judgment or in response to the R&R, but it closes with a request that judgment be entered in the plaintiff's favor and that the defendant's motion for dismissal be denied. (Doc. No. 45, at 7.)

## II.    Standard of Review

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The court may decline to review any objections that are not sufficiently specific "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary in order to conserve judicial resources:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection that simply states a magistrate's decision is wrong is equivalent to a general objection. *Id.* at 508.

## III.    Analysis

The court interprets the plaintiff's Objection as a general objection to the magistrate

judge's adoption of the defendant's Statement of Material Facts and a very general objection to the recommendation that the defendant's motion be granted. Based on *Howard* and other Sixth Circuit precedent, it is clear that this court has no obligation to afford *de novo* review to any portion of R&R, as doing so would simply constitute duplication of the magistrate judge's effort.

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond at all to the Motion for Summary Judgment, her much belated response to the defendant's Statement of Material Fact, and her failure to lodge clear, specific objections to the R&R are not absolved by her *pro se* status. The court therefore declines to conduct a *de novo* review in this case.

The court has nonetheless reviewed the Complaint, the Motion for Summary Judgment and all supporting documents, and the R&R, and detects no error of fact or law in the latter. The plaintiff's general Objection, which is not, in fact, an objection at all, will be overruled. The court will grant the defendant's Motion for Summary Judgment and dismiss this case with prejudice.

An appropriate Order is filed herewith.

ENTER this 15th day of November 2017.

_____
ALETA A. TRAUGER
United States District Judge